UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

E-Z Peds, P.A.,

Case No. 09-27622-RBR

Chapter 11

Debtor.
_____/

## APPLICATION BY DEBTOR FOR EMPLOYMENT OF ATTORNEY

E-Z Peds, P.A., debtor-in-possession, respectfully requests an order of the court authorizing the employment of Grace E. Robson and Hough Kubs & Robson, PL to represent the debtor in this case and states:

1. On the date hereof, the debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2. The debtor desires to employ Grace E. Robson and Hough Kubs & Robson, PL ("HKR") as its attorneys in this case.

3. Ms. Robson and HKR are qualified to practice in the Bankruptcy Court and the debtor believes that they are is qualified to advise the debtor on its relations with, and responsibilities to, the creditors and other interested parties.

4. The professional services that Ms. Robson and HKR will render are summarized as follows:

   a. To give advice to the debtor with respect to its powers and duties as a debtor-in-possession and the continued management of its business operations;

   b. To advise the debtor with respect to its responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of

the court;

        c.        To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of the case;

        d.        To protect the interest of the debtor in all matters pending before the court;

        e.        To represent the debtor in negotiation with its creditors in the preparation of a plan.

5.        To the best of the debtor's knowledge, neither the attorney nor the law firm have any connection with the creditors or other parties in interest or their respective attorneys. Neither Grace E. Robson nor HKR represent any interest adverse to the debtor.

6.        Attached to this application is the declaration of Grace E. Robson demonstrating that Ms. Robson and HKR are disinterested as required by 11 U.S.C. § 327(a) and a verified statement as required under Bankruptcy Rule 2014.

WHEREFORE, the debtor respectfully requests an order authorizing retention of Grace E. Robson and HKR on a general retainer, pursuant to 11 U.S.C. §§ 327 and 330.

Dated: August 25, 2009                      E-Z Peds, P.A.

                                                  By: _____
                                                     Mario D. Zambrano, President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

             Case No. 09-27622-RBR

E-Z Peds, P.A.,

             Chapter 11

    Debtor.
_____/

**DECLARATION OF GRACE E. ROBSON IN SUPPORT OF APPLICATION TO RETAIN
<u>GRACE E. ROBSON AND HOUGH KUBS & ROBSON, PL</u>**

  1.  I am Grace E. Robson. I am an attorney and member of Hough Kubs & Robson, PL ("HKR"). HKR maintains its office at 2450 Hollywood Boulevard, Suite 706, Hollywood, Florida 33020. I am familiar with the matters set forth herein and make this declaration in support of the Debtor's application to retain HKR (the "Application").

  2.  I am admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the United States Bankruptcy Court for the Southern District of Florida.

  3.  I have reviewed the list of all of the creditors of the Debtor provided to us by the Debtor, as well as UCC filings filed against the Debtor as recorded in the Florida Secured Transaction Registry.

  4.  Based upon such review, neither I nor HKR represent any entity in a matter that would constitute a conflict of interest or impair the disinterestedness of HKR.

  5.  Further, to the best of my knowledge after inquiry, neither I nor HKR have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

LF-17 (rev. 12/01/02)       1

6.  Except for the continuing representation of the Debtor, neither I nor HKR has or will represent any other entity in connection with this case and neither I nor HKR will accept any fee from any other party or parties in this case, except the debtor-in-possession, unless otherwise authorized by the Court.

7.  In the one year prior to filing this Chapter 11 Case, HKR received a security retainer totaling $8,500.00 in connection with this case.  Prior to the Petition Date, HKR applied $4,943.50 toward pre-petition fees and costs, leaving $3,556.50 as a security retainer for post-petition services.

8.  HKR neither holds nor represents any interests adverse to the Debtor and is a "disinterested person" within the scope of Section 101(14) of the Bankruptcy Code.

9.  The professional fees and costs incurred by HKR in the course of its representation of the Debtor in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Bankruptcy Rules 2014 and 2016.

10.  The current hourly rates for the attorneys at HKR range from $275 to $325.  The current hourly rates for legal assistants and paralegals range from $100 to $125.  HKR may adjust its rates from time to time.

11.  There is no agreement of any nature, other than amongst members of the firm, as to the sharing of compensation to be paid to the firm.  No promises have been received b y HKR nor any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

12.  No attorney in HKR is or has served as an officer, director or employee of the Debtor within 2 years of the Petition Date.

13.  No attorney in our firm is in control of the Debtor or is a relative of a general partner,

director, officer or person in control of the Debtor.

14. No attorney in our firm is a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

15. No attorney in our firm is or has served as an officer, director or employee or financial advisor engaged by the Debtor in connection with the offer, sale, or issuance of a security of the Debtor within 2 years of the Petition Date.

16. No attorney in our firm has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within 3 years before filing the petition.

17. No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

18. This concludes my declaration

## 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 25, 2009.

/s/ *Grace E. Robson*
Grace E. Robson